UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GALLOO ILE-DE-FRANCE<br><br>                             Plaintiff,<br><br>            - against -<br><br>LANCASTER INTERNATIONAL LLC, TEXTAINER EQUIPMENT MANAGEMENT (US) LIMITED, MEDITERRANEAN SHIPPING COMPANY (USA) INC., MAERSK LINE LIMITED, GEORGE KHONELIDZE, IVETA KNIZIKEVICUTE, and ALEXANDER ALMONTE<br><br>                            Defendants. | Civil Action No. 1:14-CV-629 (MAD/CFH) |

## COMPLAINT

Plaintiff Galloo Ile-de-France ("Galloo"), by and through its attorney, Pierre Ciric, with the Ciric Law Firm, PLLC, as and for its Complaint against Lancaster International LLC ("Lancaster"), George Khonelidze, Iveta Knizikevicute, Alexander Almonte, Textainer Equipment Management (US) Limited ("Textainer"), Mediterranean Shipping Company (USA) Inc. ("Mediterranean Shipping"), and Maersk Line, Limited ("Maersk Line"), upon information and belief, states as follows:

## PRELIMINARY STATEMENT

1. This action seeks to establish that documents related to the shipment of scrap metal by Lancaster to Groupe Dupuy, a company purchased by Galloo, have been lost or destroyed.

1

2.      This action seeks to compel Lancaster, Textainer, Mediterranean Shipping, and Maersk Line (Textainer, Mediterranean Shipping, and Maersk Line collectively "Shipping Defendants") to provide Plaintiff with duplicate documents ("duplicate documents") establishing the shipment of scrap metal by Lancaster to Groupe Dupuy using the Shipping Defendants, in the year 2008.

3.      In the absence of duplicate documents, this action seeks to hold Lancaster liable for fraud perpetrated against Groupe Dupuy.

4.      This action seeks to hold George Khonelidze, Iveta Knizikevicute, and Alexander Almonte personally liable for the fraud perpetrated against Groupe Dupuy as alter egos of Lancaster.

## THE PARTIES

5.      Plaintiff Galloo is a corporation organized under the laws of France with is principal place of business located at 3 Rue de l'Ile St Julien, Bonneuil sur Marne, 94380 France.

6.      Upon information and belief, Defendant Lancaster is a corporation organized under the laws of the State of New York with its principal place of business located at 46 State Street, 5th Floor, Albany, New York 12207.

7.      Upon information and belief, Defendant Textainer is a corporation organized under the laws of the State of Delaware with its principal place of business located at 650 California Street, 16th Floor, San Francisco, California 94108 and its registered agent, Corporation Trust Company, is located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.      Upon information and belief, Defendant Mediterranean Shipping is a corporation organized under the laws of the State of New York with its principal place of business located at

420 Fifth Avenue, 8th Floor, New York, New York 10018 and its registered agent, Corporation Trust Company, is located at 227 Park Avenue, New York, New York 10017.

9. Upon information and belief, Defendant Maersk Line is a corporation organized under the laws of the State of Delaware and its registered agent, Corporation Trust Company, is located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Upon information and belief, Defendant Khonelidze is an individual currently residing in Latvia. Upon information and belief, Khonelidze was a partner at Lancaster during the relevant period for this complaint.

11. Upon information and belief, Defendant Knizikevicute is an individual currently residing in Estonia. Upon information and belief, Knizikevicute was a partner at Lancaster during the relevant period for this complaint.

12. Upon information and belief, Defendant Almonte is an individual currently residing in New York. Upon information and belief, Almonte was the incorporator and is the ongoing business contact of Lancaster.

## JURISDICTION AND VENUE

13. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the Plaintiff and all the Defendants. As evidenced by Exhibit A, the sum of the invoices totals 447.353,50 Euros (about $605,716), which exceeds $75,000.

14. Pursuant to CPLR § 301, this Court has personal jurisdiction over this action because Lancaster's principal place of business is located in New York and Lancaster is a corporation formed under the laws of New York.

15. Pursuant to CPLR § 301, this Court has personal jurisdiction over this action because Mediterranean Shipping's principal place of business is located in New York and Mediterranean Shipping is a corporation under the laws of New York.

16. Pursuant to CPLR § 301, this court has personal jurisdiction over this action because Almonte is domiciled in the State of New York.

17. Pursuant to CPLR § 301, this Court has personal jurisdiction over this action because Khonelidze and Knizikevicute have conducted business in New York through Lancaster, a New York corporation.

18. Pursuant to CPLR § 302(a)(1), this Court has personal jurisdiction over this action because Shipping Defendants have contracted to provide services for Lancaster, a New York corporation, as evidenced in Exhibit A. By contracting with Lancaster to transport scrap metal, Shipping Defendants each have conducted purposeful activity directed at New York. This action has a substantial relationship with these shipping contracts with Lancaster.

19. Pursuant to CPLR § 302(a)(1), this Court has personal jurisdiction over this action because Khonelidze and Knizikevicute transact business within the State of New York.

20. Pursuant to CPLR § 302(a)(2), this Court has personal jurisdiction over this action because Khonelidze and Knizikevicute committed the tortious act of fraud within the State of New York.

21. Pursuant to 28 U.S.C. § 1391(b)(3), venue properly lies in this Court because Lancaster's principal place of business is situated within this judicial district which subjects it to the court's personal jurisdiction.

**RELEVANT FACTS**

22.     Lancaster's Articles of Organization were filed with the New York Department of State on March 10, 2003 by Defendant Almonte.

23.     Lancaster listed 46 State Street, 5th Floor, Albany, New York 12207 as its address on invoices. This address is associated with Defendant Almonte.

24.     Defendant Knizikevicute signed a Certificate of Change for Lancaster on May 29, 2008, and listed himself as an authorized person on the line "Title of signer."

25.     Defendant Khonelidze filled a Limited Liability Company Biennial Statement with New York Department of State for Lancaster on October 19, 2011. Defendant Khonelidze listed himself as member on the line "Title of signer."

26.     Galloo is involved in the recovery and recycling of ferrous metals, including iron and steel, and non-ferrous metals, such as aluminum, copper, lead, nickel, brass, and zinc.

27.     As of October 2010, the French entity by the name of Groupe Dupuy located at 1 Rue Molière, Ivry Sur Seine, 94200 France, became a subsidiary of Galloo. Groupe Dupuy is also involved in the recycling of ferrous and non-ferrous metals.

28.     The French Tax Authority initiated a tax audit against Galloo in 2013, which encompasses transactions between Groupe Dupuy and Lancaster in the year 2008. Galloo is now potentially liable for significant tax penalties because of the absence of records related to the transactions between Groupe Dupuy and Lancaster.

29.     The only documents Galloo has been able to find or retrieve pertaining to the transactions between Groupe Dupuy and Lancaster are attached in Exhibit A.

30.     According to Exhibit A, Groupe Dupuy purchased scrap metal from Lancaster on July 4, 2008. The listed shipping container numbers include "MSKU," which upon information

and belief indicates Maersk Line was the shipping company for this transaction between Lancaster and Groupe Dupuy.

31.     According to Exhibit A, Groupe Dupuy purchased scrap metal from Lancaster on July 29, 2008. The listed shipping container numbers include "GATU," which upon information and belief indicates Textainer was the shipping company for this transaction between Lancaster and Groupe Dupuy.

32.     According to Exhibit A, Groupe Dupuy purchased scrap metal from Lancaster on September 8, 2008. The listed shipping container numbers include "MSCU," which upon information and belief indicates Mediterranean Shipping was the shipping company for this transaction between Lancaster and Groupe Dupuy.

33.     According to Exhibit A, Groupe Dupuy purchased scrap metal from Lancaster on October 22, 2008. The listed shipping container numbers include "MSCU," which upon information and belief indicates Mediterranean Shipping was the shipping company for this transaction between Lancaster and Groupe Dupuy.

34.     The invoices in Exhibit A are the only documents Galloo has been able to find or retrieve pertaining to the transactions between Groupe Dupuy and Lancaster.

35.     On or around December 23, 2013, Plaintiff, through counsel, demanded relevant documents from Shipping Defendants. On January 10, 2014, Maersk Line responded claiming to have no records of doing business with Lancaster. On February 7, 2014, Mediterranean Shipping responded also claiming to have no records of doing business with Lancaster.

36.     On or around January 22, 2014, Plaintiff, through counsel, further discovered that all the shipping container numbers listed on the 2008 invoices did not exist when using shipping container trackers.

6

**FIRST CLAIM FOR RELIEF**
(Lost Instruments under Common Law)
(Against Lancaster and Shipping Defendants)

37. Plaintiff incorporates by reference all of the proceedings paragraphs of the Complaint as if fully set forth herein.

38. "[E]ven in absence of statute, actions will lie to establish lost instruments or to compel the giving of duplicates." *Harvey v. Guaranty Trust Co. of N.Y.,* 134 Misc. 417, 236 N.Y.S. 37 (Sup. 1929). The only prerequisite being "a court decree adjudging that proof of loss or destruction satisfactory to the court had been furnished."

39. When seeking enforcement of a lost instrument, the plaintiff only needs to establish: (1) ownership of the instrument; (2) an explanation for absence or loss of the instrument; and (3) the terms of the instrument. *Castellano v. Bitkower*, 216 Neb 806, 346 N.W.2d 249 (1984).

40. As stated above, Groupe Dupuy became a subsidiary of Galloo in October 2010. Therefore, Galloo is the owner of all of Groupe Dupuy's instruments.

41. Galloo has attempted to find or retrieve the instruments pertaining to the transactions between Groupe Dupuy and Lancaster in 2008, but the only documents that Galloo has been able to find or retrieve are attached in Exhibit A. Galloo cannot find or retrieve further documents because the records have either been lost or destroyed.

42. The material, weight, price, and value are established in the invoices in Exhibit A so Plaintiff establishes the terms of the instruments.

43. Therefore, Galloo has met the requirements for this Court to issue a decree adjudging that there is satisfactory proof of loss or destruction pertaining to the records for transactions between Groupe Dupuy and Lancaster.

## SECOND CLAIM FOR RELIEF
(Right to Obtain Duplicate Documents under Common Law)
(Against Lancaster and Shipping Defendants)

44. Plaintiff incorporates by reference all of the proceedings paragraphs of the Complaint as if fully set forth herein.

45. The only prerequisite to establish lost instruments or to compel the giving of duplicates is "a court decree adjudging that proof of loss or destruction satisfactory to the court had been furnished." *Harvey v. Guaranty Trust Co. of N.Y.,* 134 Misc. 417, 236 N.Y.S. 37 (Sup 1929).

46. As a general rule, in order to permit the court to allow the issuance of duplicate instruments, the petitioner must assert and prove that it is the owner of the original and that it has been lost or destroyed and cannot, after due diligence, be found.

47. As stated above, Galloo has provided clear and convincing evidence for this Court to issue a decree adjudging that there is satisfactory proof of loss or destruction pertaining to the records for transactions between Groupe Dupuy and Lancaster.

48. Therefore, Galloo has met the only prerequisite to compel the providing of duplicate instruments by any or all Defendants.

## THIRD CLAIM FOR RELIEF
(Issuance of Duplicate Instruments under N.Y. U.C.C. Law § 7-601)
(Against Lancaster and Shipping Defendants)

49. Plaintiff incorporates by reference all of the proceedings paragraphs of the Complaint as if fully set forth herein.

50. As stated above, Groupe Dupuy became a subsidiary of Galloo in October 2010. Therefore, Galloo is the owner of all of Groupe Dupuy's instruments.

8

51. Galloo has attempted to find or retrieve the instruments pertaining to the transactions between Groupe Dupuy and Lancaster in 2008, but the only documents that Galloo has been able to find or retrieve are attached in Exhibit A. Galloo cannot find or retrieve further documents because the records have either been lost or destroyed.

52. The material, weight, price, and value are established in the invoices in Exhibit A so Plaintiff establishes the terms of the instruments.

53. Therefore, Galloo seeks a court order for the issuance of a substitute documents for the transactions been Groupe Dupuy and Lancaster under N.Y. U.C.C. Law § 7-601.

**FOURTH CLAIM FOR RELIEF**
(Common Law Fraud)
(Against Lancaster)

54. Plaintiff incorporates by reference all of the proceedings paragraphs of the Complaint as if fully set forth herein.

55. Lancaster knowingly made misrepresentations to Groupe Dupuy when Lancaster issued Groupe Dupuy invoices containing non-existent container numbers on July 4, 2008, July 29, 2008, September 8, 2008, and October 22, 2008, as further detailed in the fact section.

56. Lancaster made these misrepresentations while knowing the misrepresentations were materially false.

57. Lancaster made these misrepresentations with the intent of inducing Groupe Dupuy to pay Lancaster a total of 447.353,50 Euros for the four invoices sent in 2008.

58. Groupe Dupuy reasonably and justifiably relied upon the material misrepresentations by Lancaster when Groupe Dupuy paid Lancaster a total of 447.353,50 Euros for the four invoices sent in 2008.

59. As a direct, proximate, and foreseeable result of Lancaster's fraud, Galloo has been harmed, including the attorneys' fees and costs associated with exposing Galloo to potential tax penalties in France.

60. Lancaster engaged in the malicious, willful, and fraudulent commission of wrongful acts and because of the reprehensible and outrageous nature of these acts, Galloo is entitle to, and should be awarded, punitive damages against Lancaster.

### FIFTH CLAIM FOR RELIEF
(ALTER EGO)
(Against Khonelidze, Knizikevicute, and Almonte)

61. Plaintiff incorporates by reference all of the proceedings paragraphs of the Complaint as if fully set forth herein.

62. Besides seeking judgment against Lancaster, Defendants Khonelidze, Knizikevicute, and Almonte should be held personally liable for the liabilities of Lancaster.

63. Upon information and belief, Khonelidze, Knizikevicute, and Almonte exercised complete control and dominion over Lancaster at the time the wrongful act of fraud was perpetrated in 2008.

64. Upon information and belief, Khonelidze, Knizikevicute, and Almonte used their complete control and dominion to commit the fraud against Groupe Dupuy.

65. Adherence to the fiction of the existence of Lancaster as a separate entity distinct from Khonelidze, Knizikevicute, and Almonte would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

66. Khonelidze, Knizikevicute, and Almonte should be held as alter egos liable for Lancaster's fraud; therefore, this Court should pierce Lancaster's corporate veil to reach Khonelidze, Knizikevicute, and Almonte.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

(a) A court decree adjudging there is satisfactory proof of the instruments relating to the transactions between Groupe Dupuy are lost or have been destroyed;

(b) A court order directing the delivery of duplicate documents;

(c) Compensatory damages in favor of Plaintiff against all Defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(d) Punitive damages against Lancaster, Khonelidze, Knizikevicute, and Almonte in an amount to be determined at trial;

(e) Cost of suit incurred herein; and

(f) For such other and further relief as the court may deem proper.

Dated: __5/28__, 2014
New York, New York

_____
Pierre Ciric
THE CIRIC LAW FIRM, PLLC
Attorney for Plaintiff
17A Stuyvesant Oval
New York, New York 10009
E-Mail: pciric@ciriclawfirm.com
Tel: (212) 260-6090
Fax: (212) 529-3647
Bar Number: 4828596

# **<u>EXHIBIT A</u>**

## LANCASTER INTERNATIONAL LLC
46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
Fax in USA +1630 2031629
E-mail: STAS@PEZETEL.COM

INVOICE No: LC8038
Date: 2008.07.29

To: Groupe Dupuy
91,rue Molière
94200 IVRY SUR SEINE
FRANCE, TVA CEE : FR 35552127920
Person of contact: Fabien Chiloup

| Deliv.N | Contract | container No. | material | Weight, MT | Price, EOR | Value, EUR |
|---|---|---|---|---|---|---|
| 8038-1 | 8038 CNF Antwerp | GATU 075628-1 | brass hony scrap (quality max 3% of impurity) | 25.280 | 2880.00 | 72,806.40 |
| 8038-2 | 8039 CNF Antwerp | GATU 119638-2 | brass hony scrap (quality max 3% of impurity) | 24.870 | 2,880.00 | 71,625.60 |
| | | Totals: | Totals: | 50.15 | | 144,432.00 |

BANK DETAILS:
BENEFECIARY: Lancaster International LLC
ADDRESS: 46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
BENEFICIARY'S IBAN No.: LV78PARX0002604810011
BENEFICIARY'S BANK: PAREX BANK, Smilshu 3, LV-1522,Riga, Latvia
SWIFT: PARX LV 22
PAYMENT'S DETAILS: For scrap, Invoice No. LC8038

POUR ACCORD
DATE 31 07 0?
SIGNATAIRE
SIGNATURE

## LANCASTER INTERNATIONAL LLC
*46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207*
*Fax in USA +1 630 2031629*
*E-mail: STAS@PEZETEL.COM*

INVOICE No: LC8045
Date: 2008.10.21

To: Groupe Dupuy
91, rue Molière
94200 IVRY SUR SEINE
FRANCE, TVA CEE : FR 35552127920
Person of contact: Fabien Chiloup

| Deliv.N | Contract | container No. | material | Weight, MT | Price, EUR | Value, EUR |
|---------|----------|---------------|----------|------------|------------|------------|
| 8045-1 | 8045 CNF Antwerpp | MSCU 6596210 | brass bony scrap (quality max 3% of impurity) | 23,500 | 1.850,00 | 43.475,00 |
| 8045-2 | 8045 CNF Antwerpp | MSCU 4931924 | brass bony scrap (quality max 3% of impurity) | 24,820 | 1.850,00 | 45.917,00 |
|  |  | Totals: | Totals: | 48,32 |  | 89.392,00 |

BANK DETAILS:
BENEFECIARY: Lancaster International LLC
ADDRESS: 46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
BENEFICIARY'S IBAN No.: LV78PARX0002604810011
BENEFICIARY'S BANK: PAREX BANK, Smilshu 3, LV-1522, Riga, Latvia
SWIFT: PARX LV 22
PAYMENT'S DETAILS: For scrap, Invoice No. LC8045

## LANCASTER INTERNATIONAL LLC
46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
Fax in USA +1630 2031629
E-mail: STAS@PEZETEL.COM

INVOICE No: LC8039
Date: 2008.09.08

To: Groupe Dupuy
91, rue MoliXre
94200 IVRY SUR SEINE
FRANCE, TVA CEE : FR 35552127920
Person of contact: Fabien Chiloup

| Deliv.N | Contract | container No. | material | Weight, MT | Price, EUR | Value, EUR |
|---|---|---|---|---|---|---|
| 8039-1 | 8039 CNF Antwerp | MSCU 6596210 | brass hony scrap (quality max 3% of impurity) | 24,980 | 2820,00 | 70.443,60 |
| 8039-2 | 8039 CNF Antwerp | MSCU 4931924 | brass hony scrap (quality max 3% of impurity) | 25,120 | 2.820,00 | 70.838,40 |
|  |  | Totals: | Totals: | 50,10 |  | 141.282,00 |

BANK DETAILS:
BENEFECIARY: Lancaster International LLC
ADDRESS: 46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
BENEFICIARY'S IBAN No.: LV78PARX0002604810011
BENEFICIARY'S BANK: PAREX BANK, Smilshu 3, LV-1522, Riga, Latvia
SWIFT: PARX LV 22
PAYMENT'S DETAILS: For scrap, Invoice No. LC8039

*[Stamp: POUR ACCORD DATE 120908 SIGNATAIRE SIGNATURE]*
*[Stamp: LANCASTER INTERNATIONAL L.L.C. SEAL 2003 NEW YORK]*
*[Handwritten: 09056]*



## LANCASTER INTERNATIONAL LLC
*46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207*
*Fax in USA +1630 2031629*
*E-mail: STAS@PEZETEL.COM*

INVOICE No: LC8037
Date: 2008.07.04
( Material - Georgia Origin )

To buyer: *Groupe Dupuy*
*91, rue MoliXre, 94200 IVRY SUR SEINE, FRANCE*
*TVA CEE : FR 35552127920*
*Person of contact: Fabien Chiloup*

| Deliv.N | Contract | Material | Container | Weight, MT | Price, EUR | Value, EUR |
|---|---|---|---|---|---|---|
| 8037 | 8037-DDU Belgium | Brass honey scrap (quality max 3% of impurity) | MSKU 5443530 | 25,350 | 2850,00 | 72.247,50 |
|  |  |  | Total: | 25,350 |  | 72.247,50 |

BANK DETAILS:
BENEFECIARY: Lancaster International LLC
ADDRESS:    46 STATE STR. 5TH FLOOR, ALBANY U.S.A. NY 12207
BENEFICIARY'S IBAN No.: LV78PARX0002604810011
BENEFICIARY'S BANK:  PAREX BANK, Smilshu 3, LV-1522, Riga, Latvia
SWIFT: PARX LV 22
PAYMENT'S DETAILS:  For scrap Invoice No  LC8037

POUR ACCORD
DATE 10 07 08
SIGNATAIRE  FC
SIGNATURE