**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GALLOO ILE-DE-FRANCE,**

                              **Plaintiff,**

    vs.                                          **1:14-cv-00629
(MAD/CFH)**

**LANCASTER INTERNATIONAL, LLC,**

                              **Defendant.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**THE CIRIC LAW FIRM, PLLC**      **PIERRE CIRIC, ESQ.**
17A Stuyvesant Oval
New York, New York 10009
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On May 30, 2014, Plaintiff commenced this action alleging, among other things, that Defendant Lancaster International, LLC ("Lancaster") knowingly made material misrepresentations with the intent of inducing Groupe Dupuy, a company which has since become a subsidiary of Plaintiff, to pay Defendant Lancaster invoices for a total amount of 447,353.50 Euros for shipments of containers of scrap metal which never took place, and referred to container numbers which did not exist. Plaintiff is seeking relief in the form of compensatory damages, consequential damages, attorney's fees and costs incurred by bringing this action.

Currently before the Court is Plaintiff's motion for a default judgment against Defendant Lancaster.

### II. BACKGROUND

On July 6, 2014, Plaintiff filed with the Court an affidavit of service, attesting that the

summons and complaint were properly served on Defendant Lancaster on July 2, 2014, through the New York State Secretary of State. *See* Dkt. No. 9. Defendant Lancaster failed to respond to the complaint or otherwise appear in this action.

On January 4, 2015, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1. *See* Dkt. No. 29. On January 7, 2015 the Clerk of the Court entered the requested default. *See* Dkt. No. 30. Plaintiff now asks the Court for entry of default judgment against Defendant Lancaster. *See* Dkt. No. 31.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof

unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In the present matter, the Court finds that Plaintiff is entitled to an entry of default judgment against Defendant Lancaster. Defendant Lancaster have not answered or otherwise responded to Plaintiff's summons and complaint and the time allotted to do so has expired. *See* Fed. R. Civ. P. 12(a). Moreover, in conformity with Local Rule 55.2, Plaintiff has amply demonstrated that Defendant Lancaster is not in military service, an infant or an incompetent, and that the party was properly served under Rule 4 of the Federal Rules of Civil Procedure. *See* Dkt. No. 31-1; N.Y.N.D. L.R. 55.2(a). Further, Plaintiff has plausibly alleged that they are entitled to relief under both the common law and claims brought pursuant to N.Y. U.C.C. § 7-601. As such, the Court finds that Plaintiff has met its burden and is entitled to an entry of default judgment as to liability.

Damages may be awarded in a default judgment where plaintiff's complaint is for a sum certain. Fed. R. Civ. P. 55(b)(1). "A sum certain is a sum which is susceptible to reliable computation or determined by the court after an accounting." *Insurance Co. of North America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (citations omitted). A hearing to

determine damages is left to the sound discretion of the court. *See Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The court may rely solely on "detailed affidavits and documentary evidence" for purposes of evaluating the sum of damages, as it does in the current case. *Id.*; *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *see also Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.*, 193 F.R.D. 87, 89 (E.D.N.Y. 2000). Although punitive damages are recoverable, the courts have found that "their amount cannot be fixed without an evidentiary hearing." . *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *Kuruwa v. Meyers*, 512 Fed. Appx. 45, 48 (2d Cir. 2013) (citation omitted). However, consequential damages are recoverable without an evidentiary hearing when they are "naturally flowing from a fraud [and are] limited to that which is necessary to restore a party to the position occupied before the commission of the fraud." *Alpert v. Shea Gould Climenko & Casey*, 160 A.D.2d 67, 71-72 (1st Dep't 1990) (citations omitted). Although the recovery of tax penalties are often speculative, they are recoverable as consequential damages when they are susceptible to reasonable computation and naturally flowing from the defendant's conduct. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 422-23(1996); *Lewis v. Desmond*, 187 A.D.2d 797, 799-800 (3d Dep't 1992).

Prejudgment interest is recoverable on damages awarded, and on claims of common law fraud. *See Mallis v. Bankers Trust Co.,* 717 F.2d 683, 694 (2d Cir. 1983); N.Y. C.P.L.R. § 5001(a). Additionally, "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004. Reasonable attorney's fees may be awarded to the plaintiff where there has been "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349.

Relying on the detailed affidavits and documentary evidence that Plaintiff has provided,

4

the Court finds that Plaintiff has established that it is entitled to compensatory damages, consequential damages, and reasonable costs incurred in bringing this action. *See* Dkt. No. 31. According to the four invoices from Lancaster to Groupe Dupuy dated from July 4, 2008, to October 22, 2008, Groupe Dupuy paid a total of 447,353.50 Euros. *See* Dkt. No. 31-4. Plaintiff has supported the fraudulent nature of these invoices through the supporting affidavits submitted by the three shipping companies listed in the invoices. *See* Dkt. No. 31-5.

Prejudgment interest associated with each transaction through June 10, 2015, the date of judgment, which accrues at the statutory rate of 9% per annum, is set forth as follows:

| Invoice No. | Invoice Date | Judgment Date | Days Elapsed | Invoice Amount | Interest Accrued |
| --- | --- | --- | --- | --- | --- |
| LC8038 | 8/7/2008 | 6/10/2015 | 2,499 | €144,432.00 | €89,042.33 |
| LC8045 | 11/28/2008 | 6/10/2015 | 2,386 | €89,392.00 | €52,616.13 |
| LC8039 | 9/26/2009 | 6/10/2015 | 2,084 | €141,282.00 | €72,604.82 |
| LC8037 | 7/15/2008 | 6/10/2015 | 2,522 | €72,247.50 | €44,930.72 |
| 5910201[1] | 10/31/2013 | 6/10/2015 | 588 | €239,024.00 | €34,634.58 |
| | | | | | |
| | | | | | |
| **TOTAL** | | | | | €293,828.58 |

Dkt. No. 31-8; Dkt. No. 31-6 at 9.

Plaintiff also claims that it is entitled to attorney's fees and costs pursuant to New York General Business Law § 349. General Business Law § 349 declares unlawful all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). "'Section 349 governs consumer-oriented conduct

---

[1] This invoice number corresponds to the civil tax penalty assessed against Plaintiff as a result of Defendant's actions.

5

and, on its face, applies to virtually all economic activity.'" *North State Autobahn, Inc. v. Progressive Ins. Group Co.*, 102 A.D.3d 5, 12 (2d Dep't 2012) (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)) (other citations omitted).

To successfully assert a claim under General Business Law § 349(h), "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes–Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009); *see also Cohen v. JP Morgan Chase & Co.*, 489 F.3d 111, 126 (2d Cir. 2007) (citation omitted).

"[P]arties claiming the benefit of [General Business Law § 349(h) ] must, at the threshold, charge conduct that is consumer oriented." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320 (1995) (citation omitted); *see also Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 334 (1999) (citation omitted); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995). "Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute." *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 25 (citation omitted); *see also New York Univ.*, 87 N.Y.2d at 320. "Simply put, '[the] defendant's acts or practices must have a broad impact on consumers at large.'" *North State Autobahn, Inc. v. Progressive Ins. Group Co.*, 102 A.D.3d 5, 12 (2d Dep't 2012) (quotation and other citations omitted).

In the present matter, the Court finds that Plaintiff is not entitled to attorney's fees or costs. First, notably missing from Plaintiff's complaint is a cause of action brought under New York General Business Law § 349. Second, even if Plaintiff had brought such a cause of action, the Court finds that the allegations do not plausibly suggest that Defendant's conduct had a broad impact on consumers at large. *See North State Autobahn, Inc.*, 102 A.D.3d at 12 (quotation and

6

other citations omitted). Since Plaintiff has provided no other authority in support of its position that it is entitled to attorney's fees and costs, the application is denied.

## IV. CONCLUSION

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment against Defendant Lancaster International, LLC, in the amount €80,206.08 for compensatory damages, consequential damages and prejudgment interest;[2] and the Court further

**ORDERS** that Plaintiff's application for attorney's fees and costs is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 10, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2] The Court notes that, pursuant to section 27(b) of the New York State Judiciary Law, "[i]n any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree."

7